John E. Bohyer
Katie C. Guffin
BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana  59807-7729
Telephone : (406) 532-7800
Facsimile: (406) 549-2253
Email:  mail@bebtlaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

---

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, ) | Cause No. _____ |
| ) | |
| Plaintiff, ) | THE HON. _____ |
| ) | |
| -vs.- ) | |
| ) | |
| JENNIFER D. FLETCHER, PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID G. HAUKAAS, deceased, and SHELBY J. MILLER, ) | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| ) | |
| Defendants. ) | |

---

Plaintiff Safeco Insurance Company of America (hereafter "Safeco") alleges as follows:

1.    Safeco is an insurance company incorporated in the State of New Hampshire with its principal place of business in Boston, Suffolk County, Massachusetts.

2.    Defendant Jennifer Fletcher is a citizen of the State of Montana, and she is the surviving spouse and the duly appointed personal representative of the Estate of David G. Haukaas, deceased.

3.    Defendant Shelby J. Miller is a citizen of the State of Montana.

4.    Plaintiff issued personal auto liability policy number M1524813 to its named insureds, Todd and Debra Miller, of Billings, Montana, with a policy period of October 11, 2016 to October 11, 2017. Their daughter, Shelby J. Miller, is an insured under the policy for purposes of the accident at issue in this case. A true, genuine and correct copy of the certified policy is attached hereto as **Exhibit A**.

5.    On May 12, 2017, Shelby J. Miller was operating the 2006 GMC pickup insured under the subject policy in Billings, Montana. In the course of her

operation of the vehicle she collided with David. G. Haukaas, who was operating a motorcycle at the time.

6.     When the 2006 GMC pickup came to rest, its right front tire was resting on top of Mr. Haukaas's leg and torso.  Shelby Miller was very distraught and immediately left her vehicle to assess the situation, and she saw Mr. Haukaas.

7.     Ronald Wayne VandenBrink was stopped at the stop sign directly opposite Shelby Miller at the intersection of 56th Avenue and King Avenue.  He saw the collision and, upon Shelby's vehicle coming to rest, VandenBrink hurried the short distance from his vehicle to the scene to assess the condition of Mr. Haukaas.

8.     Mr. VandenBrink is a volunteer fireman and a former Army medic. He saw that Mr. Haukaas was pinned under the Miller vehicle and Mr. VandenBrink immediately directed Shelby to get back into her vehicle and move it backward to get the pickup tire off of Mr. Haukaas.  Mr. VandenBrink described that Shelby was in a state of "hysteria" at the time, but she nevertheless complied with his request.  She got back into the GMC pickup, and she backed it off of Mr. Haukaas.

9.    Mr. Haukaas died later on May 12, 2017 as a result of the injuries sustained in the accident.

10.    Trooper Aaron Freivalds of the Montana Highway Patrol ("MHP") was the lead investigator on the accident.  A true, genuine and correct copy of his report, together with supplements, is attached hereto as **Exhibit B**.

11.    Trooper Freivalds confirmed Mr. VandenBrink's statements above in Exhibit B at page 7.  MHP Trooper Freivalds noted Shelby Miller's condition immediately after the accident as "visibly shaken" at page 10 of Exhibit B.  MHP Trooper Benjamin Kecskes described Shelby's condition at the scene immediately after the accident as "very distraught" at page 19 of Exhibit B.

12.    As of the date of the filing of this Complaint for Declaratory Judgment, the "special" or "out-of-pocket" damages paid by Safeco to or on behalf of the Personal Representative of the Estate of Mr. Haukaas, total $36,132, including $13,012 for medical and funeral expenses.  In addition, Safeco has advance paid $23,120 in wage loss as it is incurred on a monthly basis since the date of the accident, and based upon the decedent's wage history.

13.    Plaintiff has demanded that (1) Safeco pay to Plaintiff now the available $300,000 combined single liability limit available under the Safeco

policy at issue, without Plaintiff providing a release for Shelby Miller, and despite the undisputed fact that the incurred "special" damages or "out-of-pocket" wage loss, medical and funeral expenses are far less than the policy limit; and (2) Safeco conclude that the accident at issue in this case constitutes two separate "accidents" such that two separate combined single limits of $300,000, or a total of $600,000, be made available for payment to Plaintiff.

14.    Safeco responded to Plaintiff's demands as follows: (1) Safeco offered to pay Plaintiff's medical and funeral expenses and wage loss, and Safeco has in fact paid such expenses and such wage loss on a monthly basis as it is incurred monthly, and has advised the Plaintiff, via counsel, that it will continue to pay such wage loss on a monthly basis as it is incurred; (2) because the incurred "special" or "out-of-pocket" damages, including wage loss, medical expenses and funeral expenses to date are less than $50,000 out of a total $300,000 policy limit, Safeco offered *alternatively* (and not as a condition to paying the wage loss monthly as it is incurred) to pay to the Plaintiff the entire $300,000 policy limit, in exchange for a release of Shelby Miller; and (3) the undisputed facts demonstrate that there was only a single accident that tragically led to the death of Mr. Haukaas, as opposed to two accidents, and under the Montana "cause theory," most recently applied in

*Heggem v. Capitol Indemnity Corp.,* 154 P.3d 1189 (Mont. 2007); *Crow v. Safeco Ins. Co. Of Ill.,* 2013 U.S. Dist. LEXIS 36233 (D. Mont. 2013); and *Progressive Northwestern Ins. Co. v. Jensen,* 2017 WL 728202; 2017 U.S. Dist. LEXIS 25673 (D. Mont. 2017), there is only one combined single limit of $300,000 available under the subject policy and not $600,000 as Plaintiff asserts.

15.    Safeco's insured has demanded that the company not advance the $300,000 limit, without obtaining a release for Shelby Miller, because the special or incurred damages do not equal or exceed the combined single limit of $300,000.

16.    Pursuant to 28 U. S. C. 1332(a), complete diversity of jurisdiction exists in this case as the suit is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, pursuant to Plaintiff's demand upon Safeco.

17.    Venue is proper in this Division of the Court per 28 U.S.C. 1391as the Plaintiff resides in Billings, Yellowstone County, Montana, Safeco's insureds reside in Billings, Yellowstone County, Montana,  the insurance contract at issue was issued for delivery in Billings, Yellowstone County, Montana, and the accident in question occurred in Billings, Yellowstone County, Montana.

18.    This Court has authority to issue the declaratory judgment prayed for pursuant to 28 U.S.C.2201(a).

19.    A real case or controversy exists with respect to whether, under the undisputed facts present in this case, Safeco owes a legal duty to advance pay the $300,000 liability limits ***now***, and ***without a release of its insured*** when, (1) at present, the "incurred" special or "out of pocket" damages are less than $50,000; and, (2) Safeco offered to and in fact is paying the wage loss as it is incurred monthly due to the death of Mr. Haukaas, and (3) Safeco has never conditioned its obligation to pay the wage loss as it is incurred, up to the combined single limit of $300,000, upon a release of Shelby Miller, but rather made the offer to pay the entire $300,000 now, and in exchange for a release of Ms. Miller, only as an alternative.

20.    Pursuant to Mont. Code Ann. § 33-18-201(6), and multiple Montana Supreme Court decisions interpreting the statute, including *Ridley v. Guaranty Nat'l Ins. Co.,* 951 P.2d 987 (Mont. 1997); *Watters v. Guaranty Nat'l Ins. Co.,* 3 P.3d 626 (Mont. 2000); *DuBray v. Farmers Ins. Exchange,* 36 P.3d 897 (Mont. 2001); and most recently *Hop v. Safeco Ins. Co. Of Ill.*, 261 P.3d 981); as well as Montana State District Court decisions in *Greenough v. Safeco Ins. Co. of Ill.,*

DV-08-766A (Judge Holly Brown Order on Mot. Summ. J. (Feb. 2, 2013) re: no duty to advance pay medicals already paid); *Helms v. Safeco Ins. Co. of Ill.,* DDV-08-1256(a) (Judge McKittrick Order on Summ. J. (May 29, 2009) re: no duty to advance pay medicals already paid); *Bair v. Allstate Ins. Co.,* DV-04-514 (Judge Salvagni Order on Summ. J. (Mar. 25, 2005) re: *Ridley* does not require that a Plaintiff recover double payment prior to final settlement or judgment); and, most recently, *Safeco Ins. Co. of Ill. v. Petersen*, DV 29-14-70 (Judge Tucker Order on Summ. J. (May 11, 2015) re: no duty under *Ridley* to advance pay policy limits for general damages on wrongful death claims of retirees), a liability insurer in a clear liability auto accident case has an obligation to advance pay, without a release, only those causally-related "out of pocket" damages "incurred" and the non-payment of which could "financially overwhelm or devastate" the plaintiff. Conversely, a liability insurer under the same law does not owe a legal duty to advance pay "future" damages, general damages, punitive damages, or those subject to "opinion" because such damages, if not paid in advance of final settlement or judgment, do not have any capacity to financially overwhelm or devastate a particular Plaintiff.  Consequently, a liability insurer does not have a

legal duty, per the above authorities, to advance pay such future, general, punitive or opinion-based damages in the absence of a release of the insured.

21.    Plaintiff disagrees with Safeco's analysis, and asserts that pursuant to Mont. Code Ann. § 33-18-201(6), *Watters, supra.,* and *Shilhanek v. D-2 Trucking, Inc.,* 70 P.3d 721 (Mont. 2003), Safeco must pay the $300,000 combined single limit of the subject policy to Plaintiff ***now***, without a release of Safeco's insured, Shelby Miller, even though Safeco is paying wage loss as it is incurred on a monthly basis and even though Safeco has not conditioned the payment of such wage loss into the future upon Plaintiff's release of Ms. Miller.

22.    Since the accident of May 12, 2017, Safeco has accepted that liability for the accident is reasonably clear as to its insured Shelby Miller, and Safeco has never denied its obligation to advance pay the claimed wage loss as that wage loss is "incurred" monthly up to and including exhaustion of the policy limit without a release, and Safeco continues to make the monthly wage loss payments as they are incurred.

23.    The subject Safeco policy provides, in pertinent part:

Part A–Liability Coverage
        Insuring Agreement

A. We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident.

Limits of Liability
B.  If the Declarations indicate Combined Single Limit applies... .
The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident.  This is the most we will pay regardless of the number of:
1.  Insureds;
2.  Claims made;
3.  Vehicles or premiums shown in the declarations; or
4.  Vehicles involved in the auto accident.

24.    The Declarations page of the subject personal auto policy provides that the coverage is a "Combined Single Limit" of $300,000.

25.    Based upon the undisputed facts, and the controlling law, there was but a single accident that resulted in the death of Mr. Haukaas, because, under the "cause theory" adopted by the Montana Supreme Court in *Heggem*, *supra.*

WHEREFORE, Safeco prays as follows:

1.    That the Court declare that Safeco has an obligation to advance pay only "special" or "out-of-pocket" damages as they are incurred, and that, so long as Safeco is paying and continues to pay wage loss as incurred, and so long as it does not condition future wage loss payments on a release, Safeco is legally entitled to demand a release of its insured from further liability if the company alternatively

offers to pay the combined single limit of $300,000 now, without a tort suit and well prior to the exhaustion of the policy limit; and

2.      That under the undisputed facts of record and the applicable policy language there was but a single "accident" pursuant to *Heggem, supra., Crow, supra.,* and *Progressive Northwestern v. Jensen, supra.*, and

3.      That Safeco be awarded its fees and costs incurred herein, and

4.      For such other and further relief as to this Court seems just and proper.

DATED this 23rd day of January, 2018.


_____/s/ John E. Bohyer_____
John E. Bohyer
BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Bohyer, Erickson, Beaudette & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing ***Complaint for Declaratory Judgment*** on the following persons by the following means:

|   |   |
|---|---|
| 1 | CM/ECF |
| ___ | Hand Delivery |
| ___ | Mail |
| ___ | Overnight Delivery Service |
| ___ | Fax |
| ___ | E-Mail |

1.    Clerk, U.S. District Court

DATED this 23rd day of January, 2018.

/s/ John E. Bohyer
John E. Bohyer
BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.
Attorneys for Plaintiff